Karl Olson, SBN 104760
Email: kolson@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California  94104
Telephone: (415) 433-4949

*Attorneys for Plaintiff Dr. Gary Gruber*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. GARY GRUBER,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATION DYNAMICS LLC, EdPLUS HOLDINGS, LLC d/b/a UNIGO GROUP, LLC, PETER ENESTROM, GRUBER REVIEW, DEAR BOY VENTURES,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**<br><br>JURY TRIAL DEMAND |

Plaintiff Dr. Gary Gruber (hereafter "plaintiff" or "Dr. Gruber") for his complaint against defendants EducationDynamics, LLC (hereafter "EDDY") and EdPLUS Holdings, LLC, doing business as Unigo Group, LLC (hereafter "Unigo"), Peter Enestrom, Dear Boy Ventures and GruberReview LLC (hereafter collectively "defendants") alleges as follows:

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT           1

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. section 101 et seq. This Court has jurisdiction over such claims under 28 U.S.C. section 1331. This Court has jurisdiction over the breach of contract claim under 28 U.S.C. section 1332 (diversity) and 28 U.S.C. section 1367 (supplemental jurisdiction)

2. Venue is proper in this judicial district under 28 U.S.C. section 1391(b) and 28 U.S.C. section 1400(a) because a substantial part of the events or omissions giving rise to the claims alleged occurred here, and because plaintiff resides in Novato (Marin County), California, which is in the San Francisco division of this district.

## INTRADISTRICT ASSIGNMENT

3. This action arises in Marin County, California and thus should be assigned to the San Francisco Division of this Court pursuant to Local Rule 3-2(d).

## THE PARTIES

4. Plaintiff Dr. Gary Gruber is an individual who resides in Novato, Marin County, California. Plaintiff is one of the country's foremost experts on standardized test preparation and has published guides to taking tests such as the SAT and ACT for approximately 45 years. Plaintiff has registered numerous copyrights for his books on this subject. A copy of the list of his copyright registrations is attached hereto as **Exhibit A**. These registrations, particularly the registrations for Dr. Gruber's 2014 books, cover the copyrighted material published by defendants which is the subject of this action. In addition, a copyright registration application, claim number 1-4059722940, has been submitted for the 2015 editions of the SAT and ACT books, although much of the material in those editions is covered by the registrations for the 2014 books.

5. Defendant Education Dynamics, LLC ("EDDY") purchased substantially all of the assets of EdPLUS Holdings, LLC, doing business as Unigo Group, LLC ("Unigo") as of June 29, 2016. Unigo and EdPlus Holdings, LLC previosly had their principal place of

business in Lake Oswego, Oregon, but on information and belief EducationDynamics, LLC now has its principal place of business in Hoboken, New Jersey.  Defendants Peter Enestrom, Dear Boy Ventures (an investment vehicle run by Enestrom) and Gruber Review LLC (hereafter collectively "Enestrom defendants") reside in New York, New York.

6. Plaintiff is presently unaware of the true names and capacities of the defendants named as "Does" herein.  Plaintiff is informed and believes and on that basis alleges that each of the Doe defendants is legally liable and responsible for the matters alleged in this Complaint.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of the Doe defendants when they become known.  Plaintiff is further informed and believes and on that basis alleges that at all times mentioned in the Complaint, each of the Defendants, including Does 1 to 10, was the agent and principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint, and is jointly and severally liable for all damages and profits arising from the conduct alleged herein.

## COMMON ALLEGATIONS

7. Unigo's online use of certain test preparation material, including but not limited to the SAT present course, SAT Practice Test 1, Practice Reading Set 1, Practice Reading Sets 1-31, Practice Writing and Language Sets 1-15, Math Strategy Review 1-19, 72 math review sections and SAT Practice Test 2 (hereafter "the materials") was lifted directly from Dr. Gruber's copyrighted material and therefore infringed his copyrights.  Unigo's website recently claimed, "Unigo has partnered with Gruber Prep to deliver a highly personalized test preparation experience.  Gruber Prep is the third-oldest test preparation company with more than 7 million students over 40 years," and went on to state that Dr. Gruber is recognized as the leading expert on standardized tests, test-taking methods, and critical thinking skills," but despite these claims that it had "partnered" with Dr. Gruber, Unigo had no agreement with him and no permission to claim his endorsement, use his name or use his content.  Rather, Unigo had entered into an agreement with Peter Enestrom, who had entered into a contract with Dr.

Gruber but who breached that contract by failing to pay Dr. Gruber anything under it.  Thus, Unigo had no right to use Dr. Gruber's content.

8. In addition, Unigo made, and still makes, promotional references to Dr. Gruber's copyrighted content, including the use of the phrase "Powered by Gruber," without permission from Dr. Gruber, which both infringed his copyrights and damaged his reputation.

9. Unigo has claimed that it was licensed to use this material in a September 29, 2015 contract between Unigo and a company run by Peter Enestrom, Gruber Revew, LLC. Enestrom and Gruber Review LLC, however, never paid Dr. Gruber any of the more than $100,000 consideration set forth in their contract with him, and the agreement with Enestrom and Gruber Review LLC was terminated in or about February, 2016, which revoked any license or sublicense to use his copyrighted content at that time.

10. At least two companies were interested in paying Dr. Gruber to license his materials and expertise but were dissuaded from doing so by Unigo's use of the materials.

**COUNT I**
**(Copyright Infringement)**
**(17 U.S.C. Section 501 et seq.)**

11. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10 above as though fully set forth herein.

12. Defendants have willfully and/or contributorily infringed Dr. Gruber's valid copyrights in the test preparation materials identified above in paragraph 7, by using Dr. Gruber's copyrighted content without permission.  In addition, defendant Enestrom and hs affiliated alter egos, Gruber Review LLC and Dearboy Publishing, infringed Dr. Gruber's copyright on six books. Attached as **Exhibit B** are examples of copyrighted material from Unigo's website which were taken directly from Dr. Gruber's books. Covers of the books which were infringed upon are attached as **Exhibit C** hereto along with excerpts from one of the books. The remainder will be produced in discovery.

13. The actions of Defendants, and each of them, have caused and will cause Plaintiff irreparable harm for which money damages and other remedies are inadequate. Unless Defendants, and each of them, are restrained by this Court, they will continue to engage in the illegal activities alleged in this Complaint and continue to cause great and irreparable damage and injury to plaintiff. Therefore, in addition to the damages requested below, Plaintiff is entitled to an injunction restraining Defendants, their agents and employees and all persons acting in concert with them from engaging in further acts in violation of the copyright laws, including but not limited to any use of his copyrighted material or use of his name, such as a reference to "powered by Gruber."

14. Plaintiff is entitled to recover from Defendants the damages he has sustained and will sustain as a result of Defendants' wrongful and willful acts, in the amount of $1 million or to be proven at trial. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their wrongful and willful acts as alleged above.

## COUNT II
**Breach of Contract Against Peter Enestrom and Gruber Review**

15. Plaintiff realleges and incorporates as though fully set forth herein each and every allegation set forth in paragraphs 1 through 14 above.

16. On or about January 25, 2015, plaintiff and Peter Enestrom, doing business as Gruber Review LLC, entered into a Joint Development contract whereby plaintiff agreed to license his materials to Enestrom in exchange for payment of more than $100,000. The contract is attached hereto as **Exhibit D** along with an accompanying Name and Likeness agreement. Peter Enestrom and Gruber Review LLC breached their contract with plaintiff by not paying him the fees set forth in that contract. Plaintiff is therefore entitled to recover the contractual consideration of more than $100,000 plus interest and attorney's fees from defendants Enestrom and Gruber Review LLC.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF Dr. Gary Gruber prays for judgment against Defendants as follows:

1. That Defendants each be held to have infringed plaintiff's copyrights in violation of the Copyright Act;

2. That Defendants each be preliminarily and permanently enjoined from violating plaintiff's statutory, common law and other rights including but not limited to a preliminary and permanent injunction barring defendants from any further copyright infringement and/or use of Dr. Gruber's copyrighted material or his name;

3. That plaintiff receives judgment against Defendants in the amount of $1 million or such other amount sufficient to compensate plaintiff for his damages and for defendants' profits;

4. That plaintiff be awarded more than $100,000, plus interest and attorney's fees, from defendants Enestrom and Gruber Review LLC for their breach of contract;

5. Alternatively, that plaintiff be awarded statutory damages pursuant to 17 U.S.C. section 504(c) for willful copyright infringement;

6. That plaintiff be awarded reasonable attorneys' fees and costs as permitted by law; and

7. For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

**CERTIFICATION OF INTERESTED PERSONS OR ENTITIES**

Pursuant to Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report

RESPECTFULLY SUBMITTED AND DATED this 19th day of October, 2016.

*/s/ Karl Olson*
Karl Olson, SBN 104760
mail: kolson@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California  94104
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Plaintiff Dr. Gary Gruber*